WISEMAN *v.* ARKANSAS POWER & LIGHT COMPANY.

4-3831

Opinion delivered February 11, 1935.

*Trieber & Lasley,* for appellant.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellee.

BAKER, J. The Commissioner of Revenues sued the Arkansas Power & Light Company for the sum of $1,008.42, alleging that said sum was due by appellee for the year 1932 upon the fee levied under § 8 of act 72 of the Acts of 1933, for the support of the Fact Finding Tribunal.

The appellee's principal business is that of supplying public service in the furnishing and distribution of electricity, gas, water, etc. It set up its gross income, for the year of 1932, in the aggregate amount of $7,889,-

090.73. Of this amount it collected $7,699,981.50. In this gross income items were carried upon the books as notes, city, State and county warrants and scrip. Of these items $61,709.52 was determined to be uncollectible and charged off as bad debts.

The appellee conducted also an ice business. This was operated by employees who also performed services in connection with the electric, gas and water departments. The wages of employees who performed services incident to the gas, electric, water and ice business, and general expenses of the company, were prorated and charged to the several departments conducted by the appellee, including the ice business.

The Fact Finding Tribunal, in making an audit of the business and practices of the regulated utilities, in order to ascertain the correctness or accuracy of the reports filed, examines and audits the income and expenses allocated to the ice business.

During the year of 1932 the appellee sold merchandise in the aggregate amount of $172,854.58. This amount is the aggregate amount of both the electric and gas departments. Merchandise was handled at a cost to the company of $117,806.84, leaving a difference of $55,047.74 to meet the cost of selling, but the company incurred an expense of $116,602.80 in selling said merchandise, and there was a net loss from its merchandising operations of electric and gas equipment of $61,555.06. The merchandising business is conducted as an incident to the electric and gas utilities of the appellee for the purpose of selling appliances that use electricity and gas, thereby increasing the use of said electricity and gas.

On October 19, 1933, the Fact Finding Tribunal certified to the Commissioner of Revenues that the appellee was delinquent in the payment of fees as levied under act 72 aforesaid, in the sum of $1,008.42. The appellee had paid to the State Treasurer the sum of $14,769.76.

The foregoing facts were agreed upon by the parties. Suit was filed, and the case was tried in the circuit court of Pulaski County. The court, trying the case, found the facts as stipulated above, and a judgment was rendered for appellant for $345.39.

The court's findings of fact and declarations of the law, or such part of them as may be necessary, will be set out in the following discussion.

Under the agreed statement of facts upon which this case was tried, the appellant, the Commissioner of Revenues, is seeking in the first instance to collect a fee of $2 per $1,000 income received from the ice business of the appellees. It is true, under the agreed statement of facts, that the Arkansas Power & Light Company employs a part of its capital in the operation of its business for the distribution and sale of ice. This business is operated by employees who perform services incident to gas, electricity and ice business, and their wages, together with a part of the salaries of the general officers, are prorated and allocated and charged to the several departments, and, as we understand, in proportion to the services rendered to any of the departments in which the said employees may render service. No question is raised or submitted to us as to any unfairness in prorating the expenses of the several officers or employees, but the only question is whether the income from the ice business is subject to the $2 fee per $1,000 income received from that particular business.

The ice business is not one that comes within the provisions of act 72 of the Acts of 1933. The appellee has a right to employ its capital or use it in any authorized and lawful business, and such part of its capital as may not be employed in any of the regulated utilities, or in matters incident thereto, may produce gross earnings not subject to the tax.

The effect of our decision in *Ft. Smith Gas Co.* v. *Wiseman,* 189 Ark. 675, 74 S. W. (2d) 789, was that the fee charged was intended to pay the expense of such regulation as might come under the powers of the Fact Finding Tribunal. We adhere to that decision.

It necessarily follows that the trial court's declaration of the law in that matter was correct. Income from the ice business is not subject to the fee.

The next question raised by appellant is the matter of miscellaneous rent revenues, and the fee which the

Commissioner of Revenues seeks to impose upon the gross earnings thereby derived.

The same statement is true as to miscellaneous interest revenues, and what is classed as nonoperating revenues. The only information set forth in the agreed statement of facts, upon which these issues were raised and submitted, is that they are set out in the statement, and labeled as "miscellaneous rent revenues," "miscellaneous interest revenues" and "miscellaneous nonoperating revenues."

Such statements do not show liability. Since the burden is upon the Commissioner of Revenues to show that the fee charged was one that should be paid by the regulated utility, and that burden has not been met, we must necessarily decide that the judgment of the circuit court was correct in respect to these several items.

The only other question upon which the Commissioner of Revenues appeals is the amount set up, and agreed upon as uncollectible and charged off accounts or bad debts. These items amount to $61,709.52. This was not collected, and we presume that because of the fact that it appears as part of the gross amount charged by the company, against its customers, that it was thought it might be collectible some time. The agreed statement of facts, however, shows that it was charged off as not collectible. Money not received certainly cannot be a part of the gross earnings. It may be that some of this money will be collected. We are not at liberty to presume that any of it will ever be, but if it should be, it would certainly be brought forward as part of the gross earnings for the year in which it might be paid.

It must necessarily follow that the court's judgment in that respect was correct.

The only remaining proposition submitted to us is the gross item arising out of merchandising accounts. This matter arises upon a cross-appeal by the appellee. In the stipulation between the parties it is said: "The aforesaid merchandising business is conducted as an incident to the electric and gas business of the defendant, and for the purpose of selling appliances that use electricity and gas, thereby increasing the use of said elec-

tricity and gas." This stipulation settles the question.

In the case of *Ft. Smith Gas Co.* v. *Wiseman, supra,* we affirmed the judgment of the lower court, wherein the merchandising accounts appear as incidental to the conduct of the business, and cite the following in regard to our construction of act 72: "This construction eliminates expenses of bookkeeping, costs of tax experts, controversies as to proper charges and deductions." We again say that items merely incidental to the conduct of the utility subject to investigation under act 72 will be considered and treated in the same manner as though they were part of the receipts received from the sale of electricity or gas, etc.

It cannot be understood from this agreed statement of facts that the appellee in this case is conducting a large business house for the sale of these commodities. While the aggregate amount may seem large, considered apart from other income of the appellee, yet that part of the income is relatively small as compared with the other sources of revenue of the appellee. This amount of money, which the appellee insists should not be computed with the gross earnings of the appellee, is produced from few and occasional sales made at the various offices or places of business, distributed throughout the State.

All the above facts just stated do not appear in the stipulation, except as implied by the word "incidental," but they are facts nevertheless well and generally known.

The above matters, as to incidental merchandise sales and the gross earnings therefrom, did not enter into the discussion in the case of *Ft. Smith Gas Co.* v. *Wiseman, supra,* but by the affirmance of that case, in which such fee was imposed, we announced the rule followed by the circuit court in this case. From that decision we do not feel there is any reason to recede.

It follows therefore that the judgment of the circuit court was correct, and it is therefore affirmed.